## Proctor v. McCoid et al.

1. **Sale of Horse:** breach of warranty and fraud: evidence. In an action for breach of warranty and fraudulent representations in the sale of a glandered horse, as well as for the loss of another horse which contracted the glanders from the horse sold, there was no error in the admission of evidence which tended to show that the purchaser believed, when he bought the horse, that he had the glanders. Such testimony was not immaterial.

2. **Practice:** evidence: exclusion of: error without prejudice. The exclusion of testimony which, under the instructions given by the court, could not, if admitted, have strengthened appellant's case, was not reversible error.

3. ——: instructions. It is not error to refuse an instruction asked which is fully covered by another instruction given.

4. ——: error without prejudice. When it appears from the verdict of the jury that the giving of an instruction, though erroneous, could not have affected the verdict, the error in giving the instruction is no ground for a reversal of the cause.

5. **Verdict:** evidence to support. When the evidence is conflicting, this court will not set aside a verdict as not being supported by the evidence.

*Appeal from Pottawattamie Circuit Court.*

Friday, December 8.

The plaintiff commenced an action against the defendants, alleging that the defendants sold and delivered to plaintiff, and warranted to be sound, a certain horse which had the glanders, and which died of said disease soon after it came into the possession of the plaintiff. In the second count of the petition it is alleged that the horse, so sold by the defendants to plaintiff, communicated said disease to a certain other sound horse owned by plaintiff, which also died of said disease. The defendant, McCoid, filed a cross-petition against his co-defendant, John Rief, alleging that he sold to Jos. McCoid the horse referred to in the first count of plaintiff's petition, and warranted and falsely represented him to be

sound, when he knew him to be unsound and infected with a disease of which he afterward died. That the horse so sold by Rief to McCoid communicated the glanders to a certain other sound horse owned by McCoid, of which disease it also died. That prior to the death of said horses McCoid had sold them to one J. C. Proctor for $200, no part of which has been paid, and which sum was secured by a chattel mortgage upon said horses, and in no other way. The defendant Rief denied all the allegations in the cross-petition of McCoid. The cause was tried to a jury, as to the issues between Rief and McCoid, and a verdict was returned in favor of Reif. McCoid appeals.

*Sapp & Lyman*, for appellant.

No argument for appellee.

Day, J.—I. Evidence was introduced tending to prove that the trade of the horse in question from Rief was nego-

1. SALE of horse: breach of warranty and fraud.

tiated between Rief and one Powell, as McCoid's agent, and that, before the trade was consummated by delivery, McCoid saw the horse and said he didn't suit, that he did not like the appearance of running at the nose, and that otherwise the horse would suit very well if he knew he was sound, and that Rief then warranted the horse to be sound and all right, except that he had a cold. Upon cross-examination the following question was then asked: "As a matter of fact, then, Mr. McCoid, when you asked him to warrant the horse as sound, you then believed from symptoms that he had the glanders." This question was objected to as immaterial and not cross-examination. The objection was overruled and the witness answered: "Was afraid he had." The admission of this evidence is assigned as error. It is claimed that the question is not cross-examination because it does not relate to any part of the examination in chief. It does have direct reference to what McCoid testifies in chief he discovered respect-

ing the condition of the horse. It is further insisted that the testimony is immaterial, because, if Rief warranted the horse, McCoid's belief as to his soundness could not affect his recovery. McCoid, however, grounds his claim upon false and fraudulent representations as well as a warranty, and to recover upon that ground of his claim he must show that he relied upon the representations. Further, McCoid claims damages for the death of another sound horse to which disease was communicated by the horse he bought of Rief. His right of recovery upon this branch of the case would be very materially affected by his knowledge of the diseased condition of the horse which he purchased. There was, in our opinion, no error in admitting this evidence.

II. Appellant assigns as error the exclusion of the note given to him by Proctor on the purchase of the horses. It

2. PRACTICE: evidence: exclusion of : error without prejudice.

is claimed that by this ruling the appellant was precluded from showing his interest in the subject matter. But the appellant was allowed to introduce the chattel mortgage on the horses for $200, and he testified that he sold them to Proctor for $200, and that he had never received any pay for them. Besides, the court instructed the jury that the fact of the sale of the team by McCoid would not affect his right to recover of Rief. Under these circumstances, it is apparent that the rejection of the note could not have worked the appellant any prejudice.

III. The appellant assigns as error the refusal of the court to give the first instruction requested by him. This

3. ———: instruction.

instruction is fully covered by the third instruction given by the court on its own motion.

IV. It is insisted that under the instructions the right of appellant to recover for the sound horse owned by him,

4. INSTRUCTION : error without prejudice.

which he alleges was diseased by the horse bought from Rief, was made to depend upon his ownership of the horse at the time the disease was communicated. The jury, however, did not find the appellant entitled to recover for either horse. They must, therefore,

have found that there was a failure of proof of the warranty or the false representations. If it should be conceded that this instruction was, as to the sound horse, erroneous, still it is clear, in view of the general verdict for Rief, that the error was without prejudice.

V. It is insisted that the verdict is not supported by the evidence. The evidence is conflicting and does not warrant our disturbing the verdict.

5. VERDICT: evidence to support.

AFFIRMED.